UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES DARRELL SMITH, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| Vs. | ) | Case No. 3:14-cv-00880 MJR-PMF |
| | ) | |
| NORTHERN ALLIANCE MANAGEMENT, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, JAMES DARRELL SMITH, by and through his attorneys, Alleman & Hicks, and for his Complaint against the Defendant, NORTHERN ALLIANCE MANAGEMENT, LLC, for violations of the FAIR DEBT COLLECTIONS PRACTICES ACT, (FDCPA) and TELEPHONE CONSUMER PROTECTION ACT, (TCPA) states as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. 1331 and 15 U.S.C. 1692k(d) which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy."
2. This action arises from the Defendant's violation of the Fair Debt Collections Practices Act, 15 U.S.C. 1692 et seq (FDCPA) and violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 et seq.(TCPA)

3. Venue in this District is proper under 28 USC 1391(b) because the acts and transactions occurred here; and the Plaintiff resides within this District.

**PARTIES**

4. The Plaintiff, JAMES DARRELL SMITH, is a natural person who resides in Ewing, County of Jefferson, State of Illinois, and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

5. NORTHERN ALLIANCE MANAGEMENT, LLC, is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6) and sought to collect a consumer debt from the Plaintiff.

6. In the ordinary course of business, the Defendant regularly engages in debt collection of consumer debts.

**FACTUAL ALLEGATIONS**

7. The Plaintiff, JAMES DARRELL SMITH, incurred a financial obligation to US BANK that was primarily personal and is therefore a "debt" as that term is defined by 15 U.S.C. 1692a(5).

8. Prior to March 24, 20104 the alleged debt was in default and sold to the Defendant, Monument Financial, LLC – a debt collector.

9. On or about March 24,m 2014 the Plaintiff settled the alleged debt with Monument Financial, LLC by paying $ 500.00.

10. On May 22, 2014, the Defendant, NORTHERN ALLIANCE MANAGEMENT, LLC, called the Plaintiff on his cellular phone and provided the following pre-recorded message:

that he was on schedule to be summoned into court on a legal matter.

11. Said phone call violates the FDCPA as follows:

    a. Used an untrue / false statement in an attempt to collect a debt.
    b. Failed to provide the debt validation notice or the "Mini – Miranda" warnings.
    c. Failed to properly disclose name of the debt collector.
    d. The Defendant improperly shielded / changed the phone number that showed up on the Plaintiff's caller id to hide their true identity.
    e. Violated the Telephone Consumer Protection Act (by using a pre-recorded voice mail) while attempting a collect a debt.
    f. Violated the Telephone Consumer Protection Act by using an auto-dialing system to send a pre-recorded voice mail to the Plaintiff without his prior written consent.
    g. Attempted to collect a debt that was already paid and satisfied.

12. On May 29, 2014 the Defendant, NORTHERN ALLIANCE MANAGEMENT, LLC, called the Plaintiff on his cellular phone and provided the following pre-recorded message:

"This is in reference to a legal notification; we are in possession of a certified notice of intent with your name and social security number attached to the documentation. You can press any key to speak to a live representative."

13. Said phone call violates the FDCPA as follows:

   a. Used an untrue / false statement in an attempt to collect a debt.

   b. Failed to provide the debt validation notice or the "Mini – Miranda" warnings.

   c. Failed to properly disclose name of the debt collector.

   d. The Defendant improperly shielded / changed the phone number that showed up on the Plaintiff's caller id to hide their true identity.

   e. Violated the Telephone Consumer Protection Act (by using a pre-recorded voice mail) while attempting a collect a debt.

   f. Violated the Telephone Consumer Protection Act by using an auto-dialing system to send a pre-recorded voice mail to the Plaintiff without his prior written consent.

   g. Attempted to collect a debt that was already paid and satisfied.

14. On July 23, 2014 the Defendant, NORTHERN ALLIANCE MANAGEMENT, LLC, called the Plaintiff on his cellular phone and provided the following pre-recorded message:

"This message is intended directly for James Smith. Please be advised that our client is in the process of filing a civil judgment against your name and

social security number. You can press 5 at any time to speak to connect directly to a representative who can give you further details."

15. Said phone call violates the FDCPA as follows:

    a. Used an untrue / false statement in an attempt to collect a debt.

    b. Failed to provide the "Mini – Miranda" warnings.

    c. Failed to properly disclose name of the debt collector.

    d. The Defendant improperly shielded / changed the phone number that showed up on the Plaintiff's caller id to hide their true identity.

    e. Violated the Telephone Consumer Protection Act (by using a pre-recorded voice mail) while attempting a collect a debt.

    f. Violated the Telephone Consumer Protection Act by using an auto-dialing system to send a pre-recorded voice mail to the Plaintiff without his prior written consent.

    g. Attempted to collect a debt that was already paid and satisfied.

16. Due to the illegal acts of the Defendant, the Plaintiff has incurred and suffered mental anguish.

17. Due to the illegal acts of the Defendant the Plaintiff has incurred attorney fees and costs.

**TRIAL BY JURY**

The Plaintiff, JAMES DARRELL SMITH, is entitled to and hereby respectfully **DEMANDS TRIAL BY JURY.**

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, JAMES DARRELL SMITH, prays that Judgment be entered against the Defendant, NORTHERN ALLIANCE MANAGEMENT, LLC, as follows:

- For an award of actual damages pursuant to 15 U.S.C. 1692(a)(1);
- For an award of statutory damages in an amount of $ 1,000.00 pursuant to 15 U.S.C. 1692(a)(2)(A) for each violation of the Act;
- For an award of statutory damages in the amount of $ 1,500 per violation of the Telephone Consumer Protection Act.
- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3);
- For such other and further relief as may be just and proper.

DATED: AUGUST 10, 2014.

Respectfully submitted,
**ALLEMAN & HICKS**

/s/John D. Alleman

John D. Alleman
Attorney ID 6202752
LEAD COUNSEL

310 E. Main Street
Carbondale, IL 62901

(618) 549-8300 PHONE
Allemanjd@aol.com